Good morning, Your Honor. Judge Dennis, Judge King, Judge Owen, and may it please the Court, I'm Frank Granger, and I represent Nicholas Schofield, who is the appellant in this case. He appeals from the District Court's finding that a conviction for attempt to transfer obscene material to a minor pursuant to 18 U.S.C. 1470 requires SORNA registration as a sex offender. He preserved this challenge to the registration requirement in his present investigation report and argued for the Court. Unfortunately, the District Court did not articulate specific reasons for finding that Mr. Schofield will be required to register. On appeal, we raise this issue, but also we raise an issue concerning the use of the residual clause in the SORNA statute as constitutionally void for vagueness. I bring this to the Court's attention because this has been an issue that was very hotly contested concerning the ACCA and the residual clause in it, which the U.S. Supreme Court on June 26 of this term in Johnson v. United States found to be unconstitutionally void for vagueness. I believe that when we do the analysis, we'll find that the SORNA residual clause under subsection 7i is just as vague in its structure and its reference back to other crimes contained within the SORNA section, especially section 5A-I through I-I-I, which defines sex offenses, that it becomes untenable and indeterminate for the District Court or any court to determine whether some of these crimes for which SORNA seeks to require registration is a sex offense or not. Yes, Judge Oldham. Would the District Court have the discretion, absent SORNA, to include this as a condition in the sentence? The only case that I know of, Your Honor, that the judge could have the option to require as a condition of probation or supervised release to require registration, but there still needs to be a finding that it meets some of the factors that were set forth that was argued by the government in this particular case. The vagueness challenge is before us on plain-air review. Is that correct? That's correct, Your Honor, because it was technically, if you read the transcript, I know you have, Mr. Garcia had argued it, but he did not preserve it as far as a direct challenge in the PSR, nor did he file a motion with the District Court to directly challenge the residual clause. I guess my question is if the District Court on remand could go ahead and impose supervised release, this is a condition of supervised release, how can you meet the harm aspect of the plain-air analysis? There are two things I believe the District Court would have to do, Judge Oldham. First of all, the District Court would have to make a determination under the various factors that were set forth, and whether it's a public safety concern, there's an immediate risk of danger to the public, and those types of findings in order to make it a condition of supervised release. However, in this particular case, the District Judge has merely said SORNA applies and you have to register. And let's look at the practical standpoint. Under the Adam Walsh Act, which is actually what SORNA is enforcing now, you have a minimum as a Tier 1 sex offender, 15 years. Of course, we know that if you serve 10 years of that period of time successfully, you can petition the District Court to have your registry reduced to the 10 years. However, take a Tier 2 sex offender, which has 25-year minimum registration for a crime, which doesn't even qualify as a sex offense under SORNA, this creates huge due process problems because it is a deprivation of liberty. Anytime someone has to register as a sex offender, there's restrictions on where they can live, how close to a school they can be, with whom they can associate, where they can be around persons under the age of 18 and less chaperoned by the adult, whether they can date persons that may have a child under the age of 18, and all kind of myriad restrictions on one's liberty. So it's a very, very serious issue. In my briefs, one of the arguments that I tried to make is that there may be a way to get around the issue of constitutional void for vagueness, although I do believe that the SORNA residual clause 7i is vague. Every District Court and every Court of Appeals that's really looked at it has gone through just a myriad of arguments and counterarguments and goes through the maze of definitions, sub-definitions, as the Taylor Court in the Seventh Circuit had stated and can't really come up with a clear-cut answer. This is exactly what Justice Scalia was talking about in Johnson. This is exactly what his Sykes dissent was all about, is that whenever you have indeterminacy, by looking at this statute, and then you have to now, as a District Judge or as the Court of Appeals, you have to then start using your own ability to, well, would this crime fit under this circumstance or this circumstance? Now you've gone far afield of what the whole idea of SORNA and the definition of a criminal offense is, which is you look at the elements of the offense. Do the elements of this offense require registry? Now this is what my criticism of the Dodge Court was, which is really the only circuit that's really addressed this. Taylor would have, except due to a procedural problem between the defendant not appealing that particular issue, but only and didn't appeal the probation aspect. And the government did not cross-appeal the issue, did not get before the court, so they merely had to send it back and say it's not procedurally sound. I know right now, Ritz had been filed to the U.S. Supreme Court in Taylor, and they are challenging on double jeopardy because it was retried, which was not germane to our arguments here. But Dodge, Dodge makes many serious errors in the way it was decided. First of all, the original panel ruled that 1470 didn't apply. It was not a SORNA registrable offense. The en banc it found it was. However, what the Dodge Court did was use the non-categorical approach. The Supreme Court, almost to a justice, has held time and time again under the ACCA, just like any other enhanceable offenses, and clearly this is an enhanceable offense, because the registration creates another set of enhancements, and the failure to register creates another violation of failure to register, which carries up to a 10-year prison term, in addition to what you would get for committing the actual crime. So what happens is the Dodge Court used a non-categorical approach for a fact-specific. Castleman recently reversed en banc the Ninth Circuit, which found that you could do this in an ACCA case in order to find a burglary statute in California to meet the residual clauses of the ACCA. That failed. Taylor, Begay have both done it. And if you read Johnson, Johnson says, no, this creates due process issues, and we're not going to allow it to stand. In fact, I did have a quote from Johnson, and all I did was really substitute SORNA for ACCA in this. And Justice Scalia's writing, the indeterminacy of the wide-ranging inquiry required by SORNA residual clause both denies fair notice to the defendants and invites arbitrary enforcement by judges increasing a defendant's sentence under the clause denies due process of law. And that's really what the Dodge Court did. The Dodge Court then took the SORNA statute and said, you know, maybe 1470 is close to like 2252BB, which is, you know, improper domain name enticed minors into looking at pornography on the internet. Or maybe it's close, I think it's 1801, which is video voyeurism. And therefore, eh, we should cover this. But both of those crimes, as defined by Congress, has either a sexual activity or sexual contact as an element of the offense. 1470 doesn't have that. So the problem that I have with the way that Dodge looked at this case, well, one, Dodge didn't have the benefit of the SMART guidelines because they came out after the Dodge decision came out. So when that happened, if you go back and look at the SMART guidelines, and I don't think this helped the government's argument when they tried to say the structure and the SMART guidelines helped. Even under a Chevron deference for an agency determination, creating the SORNA and implementing SORNA through the SMART guidelines, the agency cannot expand the definition of a crime or supply different elements to a crime that Congress chose to make or not make a criminal offense. That's exactly what the judges in Dodge did. One, it violated the categorical method approach. Secondly, it analogized in its own manner one crime to another and said, well, it's bound to fit. It also looked at various fact-specific elements, which may or may not be part of this case. Also, you have an indivisible statute, such as 1470, which has very specific elements. It isn't like in many states, burglary, where you have a burglary, attempted burglary, other type of divisible statutes that may allow for other crimes similar to burglary. So in that respect, you can't use the non-categorical approach. You have to use a categorical approach. So the analysis, I believe, becomes perverted in a way. Further, if you look at the way SMART guidelines are structured, even when you determine who's a tier one, tier two, three sex offender, SORNA talks about the crime of conviction and the elements of the offense. This is important because this is what we're trying to get to, are the elements of the offense. Now, let's look at the structure of SORNA. You have 5A, which has three subparts, which defines a sex offense. And one, it says a sexual act, sexual contact with another. That's I. III says criminal offense, specified offense against a minor. What does that mean? I'm not sure, but we'll see why it becomes vague when we look at seven in a moment. And III, or III, has a numerated list of federal felonies. And in this list, it has chapters and specific crimes. Chapter 71 is the obscenity statutes, which includes 1470. It's not included. It's specifically silent. Now, the silence by Congress is just as important as its interpretation or its direct statute that it creates. So the court now can't supplement SORNA by adding a statute that Congress, in creating SORNA, did not include. Now, the government would argue then, well, let's just go back and look at subsection 7, which has a list of various things. If you read the SMART guidelines, and I did, and I went through all the subsections, it talks about the similar thing. Sexual contact, sexual activity, generally with an element of defense being a person that is a minor to capture these crimes to require registry. So in this particular case, you get down to VIII, which says any conduct by its nature that is a sex offense against a minor. Well, if you look at VIII, it doesn't define anything. It's a catch-all. It's really a residuary clause. But if you look at sex offense as defined by V, you have a very specific list of things that are sex offenses. If you look at the SMART guidelines, it describes what really sex offenses we're trying to capture. Now, the SMART guidelines go a little bit beyond just the federal crimes, and we have to look at federal crimes here because this is a federal crime. But what it's designed to do is to create a structure so that other states can determine whether a crime, by looking at the elements of that offense, fall within SORNA. That's the whole purpose. Why would the federal law, when it's applied to a state, say you look at the elements but not apply it to itself? I mean, this would be government overreaching. So then the government can just say, well, I think that maybe ogling a young child might be an offense, and we're going to make you register as a sex offender if we can capture you for something else. Because remember, we're going to look at fact-specific circumstances. We're not going to look at elements of the crime. Well, that is not an appropriate way to do it. The government has to be limited by the statutes it creates and what Congress says is a crime. Now, Mr. Schofield is punished for committing the crime he did. He pled guilty. He was punished for it. To add another level of punishment for SORNA registration on top of this is improper because the crime he committed is not a sex offense as defined by five, I, I, I, and I, I, and seven, including seven I. So in that respect, the court can't now, the district court I'm talking about, use its own interpretation of SORNA and its own interpretation of the crime and the elements of the crime to supply facts that make it a crime or a SORNA-registrable offense, I should add. So in that respect, the district court was wrong, and I'm going to reserve my five minutes since I'm running out of time. Thank you all. Thank you, sir. Mr. Portugal. May it please the court, Brian Portugal for the United States. When Nicholas Schofield transmitted a video of himself masturbating to a person he believed to be a 15-year-old girl, he committed a sex offense that requires SORNA registration. That's what the district court found, and that finding is supported by the En Banc 11th Circuit's decision in United States v. Dodge. It is also supported by the analytical, the proper analytical framework which was articulated in United States v. Dodge. This court's opinion in Gonzales-Medina, the Fourth Circuit's opinion in United States v. Price, and the Ninth Circuit's opinion in United States v. Bione. Schofield's arguments why he should not be required to register under SORNA fail because they are based on misreadings of the statute. First, as the Dodge court found, non-enumerated federal offenses under SORNA can qualify for registration. That is shown by the statutory text under subsection 7, which refers to a federal crime outside of subsection 5A, little III. Schofield's argument that the provision requiring registration if you commit a specified offense against a minor is unconstitutionally vague is wrong because it simply misreads the statutory definitions. If you read the statutory definitions in each layer in order, there's no good reason to refer or to read the phrase sex offense in 7I to refer back to an earlier definition. Further, the text in the structure of SORNA shows, as the Dodge court found, that the residual clause of 7I should be read or should be interpreted using a non-categorical or circumstance-specific approach. That is clear because the provision refers to conduct and the nature of conduct as opposed to elements. And finally, even if Schofield is correct that a categorical approach applies, the Attorney General's SMART guidelines should be given Chevron deference. And under those guidelines, Schofield's conduct is captured, both because his offense of conviction has as an element the status of the victim as a minor, as well as the fact that his offense under the Attorney General's guidelines qualifies as other offenses prohibiting sexual activity with underage persons. Unless the court has any questions, the government is happy to rest on its brief and cede the remainder of its time. Could the district court have required him to register as a sex offender even if SORNA did not apply? Yes, it could, Your Honor, and that was actually argued to the district court as an alternative reason for registration at sentencing. The district court determined that Schofield should be required to register under SORNA, but the district court certainly could have ordered registration as a condition of supervised release, and that was argued to the district court. Could he do it under the same provisions as SORNA, just say you have to do exactly what SORNA would otherwise require? Yes, I think it could, Your Honor. Finally, I do want to address the Johnson-Aca argument, which I think if it has been raised at all, it's been raised here at oral argument and for the first time in a reply brief. I don't think the court needs to consider that issue, but if the court does decide to address the issue, the concerns in Johnson simply aren't present here. The majority opinion in Johnson found the residual provision of ACA unconstitutional because, first, the court said that it couldn't determine, it couldn't find a precise way to measure risk, and it also couldn't determine how much risk qualified under the residual clause. Those concerns are simply not present here. So how is this different? I'm sorry? How is this different? This is different because, unlike ACA, which asked a district court to inquire into the risk that something is going to lead to violence, here it's not a risk, it's actual conduct. The district court is just looking to what the defendant did. The lead-in, you're basically saying that you don't apply a categorical approach. But it seems to me that the lead-in to SORNA, to the A through I, is an offense, which I think the Supreme Court has basically equated with a conviction. So it seems to me you do have to look at the elements of an offense or elements of a conviction and not simply conduct. I think that might be an acceptable reading, Your Honor, were it not for Gonzales-Medina, your decision in Gonzales-Medina, which explains that the term convicted, as used in 16.911, subsection 1, is not dispositive, that there are other subsections of SORNA that inquire into conduct and nature of conduct, and that, therefore, that term convicted is not dispositive here in SORNA. Thank you, Mr. Granger. If there are no further questions, I would ask that the Court confirm the judgment below. Thank you. Thank you, sir. Mr. Granger, you have five minutes on the roll. Thank you, Your Honor. I think the government helped me make a point about the constitutional void for vagueness argument. When the government argues that you can look at conduct, that goes to two problems. One, it argues a non-categorical approach, which the Supreme Court has time and time and time again struck down in a similar statute under ACCA. Unfortunately, SORNA hasn't come to the U.S. Supreme Court on the residual clause, and maybe it will someday. Just as it took 20 years, approximately, to get the ACCA up to the Supreme Court on the residual clause. The layers don't make sense because 5-7i talks about, as it states, specified offense against a minor. 5-ii says specified offense against a minor. They use the same term. How in the world can 7-i not have to refer back to 5 in order to get its definition of a sex offense if they use the same term? This is structurally the problem that the ACCA has. Secondly, the other problem with it is, to say conduct, you're talking about circumstance-specific findings. Conduct is not a criminal conviction. You can't make someone register under SORNA if they're not convicted. Attempting or actually transmitting obscene material to a minor, that's defined in a federal statute. Yes, it's in the obscenity statute. What obscene material doesn't involve sexual content? It could be any type of pictures, and I think there have been some cases of emails about or pictures of Obama and the family. It could be threatening. Would that be obscene? It may be. Do you have any case law that says, as used in this statute, that he was convicted under the obscene material, can it include something other than sexual content? Well, it depends on, as I guess it was Justice Douglas that said, I see it when I see it. That was all involving sexual conduct, I think. It was. I'm just asking you, is there any law anywhere that says the statute of conviction here, obscenity, passing it to a minor, obscenity means something other than sexual content? Well, I think I defined obscenity in Black's Law Dictionary, which obscenity could be someone urinating in public. It could be someone defecating, or it could be some references to those things. The Supreme Court wouldn't let that stand as obscenity, I don't believe. Well, I don't think the Supreme Court would have pulled that in at this point in time, just like I don't think – We've got to look at what does the statute mean. What can you be convicted of for obscenity? You can be convicted if you send, say, a picture of yourself to a person who happens to be a minor. And this particular case – I'm just saying – A penis, or some of your – Do you have any offense under this statute that does not involve sexual – I can't think of one off the top of my head, and so I'm not going to venture a guess in that respect, Your Honor. I think that would be disingenuous on my part. But I do think the crux of the matter is rather than – and actually what you're saying, though, creates one of the issues that Batiste Court had, the Piper Court from the Vermont District Court had, in trying to figure out how you put this structure together in order to determine whether something is a sex offense. But it's defined. SORN is defined in terms of sex offenses, not in terms of obscenity, not in terms of video voyeurism, not in terms of any particular things. Those are offenses which fall under SORN. Now – That was my only question. Right. If the only way that you can be convicted of obscenity is it involving sexual conduct or sexual overtones. Content, not necessarily conduct. Because remember, under the way SORN is structured, it has to be contact, sexual activity with a minor. This is – No, it says sex offense. Right. But if you look at the SMART guidelines themselves, which the government relies upon, it talks specifically – when you look at the subsections under 7, it talks about contact, conduct. An element of offense has to be a minor for contact, conduct. It's capturing child molestation, child prostitution, things of that nature. And that's even under 7i, under the SMART guidelines interpretation of it. So if I take their words for what they mean, it doesn't help the government's argument, in my opinion. And I think that there might have been a mistake about the unenumerated offenses. Obviously, I believe they meant convictions. Because each layer of SORN talks about convictions. And it has to be a conviction because you have to look at the elements of the offense. Well, a sex offense doesn't necessarily involve contact. You can display yourself to a child. That's a sex offense. Well, that's an obscenity under most state laws. Well, okay. And that's why I think it applies because that section is specifically excluded by chapter from SORN. Congress could have included it had it wanted to. It discussed it when it looked at 702 of SORN, subsection 702. But it chose not to. It only did it only if you were already convicted of a sex offense, you're found to be a sex offender, and then later you use the Internet to try to contact someone or send pictures. Then it's an enhanceable part of SORN. I'm sorry for taking too much time.